IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE L. DUNSON,
Inmate #168282,
    Plaintiff,

vs.                                                  Case No.: 5:13cv72/SPM/EMT

GALINA K. KAGAN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff Clarence L. Dunson, an inmate in the Florida Department of Corrections proceeding pro se, filed a document titled "Clerk of the Court" that was opened as a new civil rights complaint bearing the above style and case number. Upon review of this submission, it appears that the case was opened in error. It is therefore the conclusion of the undersigned that this case should be closed and the submission referred for consideration in the case in which Plaintiff intended it to be filed.

       There are several reasons for this conclusion. First, the court notes that Plaintiff's original submission actually bore the case number 5:12cv134/RS/GRJ, which case number was scratched out and replaced with the current case number (5:13cv72) by the clerk of court, after receipt of Plaintiff's submission. Second, within the submission, Plaintiff references having received a dismissal letter from the court on "5-28-2011 [sic]" (doc. 1 at 1), and the records of this court reflect that a recommendation of dismissal due to Plaintiff's status as a three-striker was entered in Case Number 5:12cv134/RS/GRJ, on May 22, 2012 (*see* Case No. 5:12cv134/RS/GRJ, doc. 5). Furthermore, the instant pleading lists a single Defendant by name on the first page, and this person was also one of the named Defendants in Case Number 5:12cv134/RS/GRJ, and she was listed in the caption of other pleadings filed by Plaintiff in that case (*see, e.g., id.*, docs. 1, 13). Next, the submission itself indicates that Plaintiff is filing written objections (*see* doc. 1 at 1, 4, 5), which is

a customary response to a recommendation of dismissal.  Finally, the court notes that this is not an isolated submission.  Although Plaintiff's former case was closed on June 14, 2012 (*see* Case No. 5:12cv134/RS/GRJ, docs. 9, 10), Plaintiff has submitted five filings of some sort since the case was closed (*see id.*, docs. 11, 13, 15, 16, 17).  Among these five filings is a "motion/petition for writ of mandamus" that was received by the clerk on February 11, 2013 (*id.*, doc. 13), the same day the instant submission, titled "Clerk of the Court," was received by the clerk of court (*see* doc. 1).

It therefore appears that this case was improvidently opened, and that Plaintiff's submission was intended, as it is captioned, to be part of his previous case.  Therefore, this case should be dismissed, and the submission used to open this case should be referred for appropriate consideration, whether through deficiency order or otherwise, in Case Number 5:12cv134/RS/GRJ.

Plaintiff is advised that if he wishes to file additional litigation, in accordance with the Local Rules of this court, all civil rights complaints must be filed on the appropriate forms for use in this court.  And, mindful of Plaintiff's status as a "three-striker," any such civil complaint must be accompanied by the full $350.00 filing fee, unless Plaintiff is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

Accordingly it is respectfully **RECOMMENDED**:

That this case be **DISMISSED** and Plaintiff's submission titled "Clerk of the Court" be referred to the chambers of United States District Judge Richard Smoak or United States Magistrate Judge Gary Jones for consideration as part of Case Number 5:12cv134/RS/GRJ.

At Pensacola, Florida, this 20th day of March 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  **A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:13cv72/SPM/EMT